## No. 9262.

### JAMES MULLINS VS. PETER BLAISE.

The responsibility of the father for the damage occasioned by the act of his minor child residing with him, is not affected by the fact that he was momentarily absent from the house at the time of the act.

Neither is it affected by the tender age of the minor. The fault, although not legally imputable to the child by reason of his lack of capacity, is imputed by the law itself to the father, as resulting from some defect of care, watchfulness and discipline in the exercise of the paternal authority.

In estimating damages, we must be guided by the evidence in the record. Where the verdict of the jury is not manifestly excessive, and where we can feel no certainty that any modification thereof, would come nearer exact retribution, we are not justified in disturbing it.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

Jonas & Nixon for Plaintiff and Appellee.

Braughn, Buck & Dinkelspiel and F. Michinard for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. On the night of Christmas, 1883, the children of defendant were engaged in celebrating the day by firing roman-candles from the gallery of his house. One of them, George Blaise, of the tender age of six years, instead of firing in the air, discharged his

candle downward in the direction of a number of children who had gathered in the street to witness the sport, the result being that one of the flaming balls struck Mary Mullins, the minor child of plaintiff in the eye, inflicting a serious injury.

For the resulting damage this action is brought. It is based on the provisions of Art, 2318 of the Code, viz: " The father, or after his decease the mother, are responsible for the damage occasioned by their minor or unemancipated children residing with them or placed by them under the care of other persons."

All the conditions requisite to fasten responsibility on the defendant father are fully established, viz:

1. The damage was occasioned by the act of the minor. The learned counsel can hardly expect us to follow him in his purely conjectural argument as to how the accident might otherwise have happened, in face of the positive and uncontradicted testimony as to how it did actually happen.

2. The act was a *fault* of the most culpable character. It is true that by reason of the tender years and lack of discernment of the minor, this fault may not be, in a legal sense, *imputable* to him. But the exploded vagary of Toullier that this is a reason for exempting the father from liability can find no recognition at our hands. The law itself imputes the fault to the father. It presumes that it resulted from lack of sufficient care, watchfulness and discipline on his part, in the exercise of the paternal authority. This is the very reason and foundation of the rule.

For like reason the law imposes responsibility upon the owner for damage occasioned by his animals, who have certainly no greater powers of discernment than the infant of tender years. See on this point, 5 Marcadé, 270; 2 Mourlon, p. 888.

3. The minor was residing with the father. The fact that the father was momentarily absent from the house at the time of the accident does not suffice either to exempt him from responsibility or to transfer it to the mother who was present. The law in terms only makes the mother responsible, " after the decease " of the father; but, no doubt we would follow the French authorities in extending her liability to analogous cases, such as when the husband is an *absentee* or an *interdict*, in which cases the paternal authority, with its attendant powers and duties, is transferred to her.

We should, however, do violence both to the language and reason of the law, if we construed the responsibility of the father as dependent

upon his actual presence in the domiciliary house. No such limitation was intended. See 2 Mourlon, 889.

It is to be observed, that in the French Code, the parental responsibility attaches only in case the father " shall not prove that he was unable to prevent the act which gave rise to the damage." C. N. 1384. This restriction is omitted in our Code. We have not emphasized this distinction, because, even under the French authorities, we believe the defendant in this case would be held responsible. We have heretofore enforced such responsibility in an analogous case. Marionneaux vs.————35 Ann.

We fail to find any support for the defense of contributory negligence. Plaintiff's child was in the street where she had a right to be, and in front of defendant's house, whither she was naturally attracted by the fire-works. The pretense that she told the Blaise child to fire down is improbable in itself and not sustained by the evidence.

The serious question in the case is the measure of damages, which the jury assessed at two thousand dollars. We sympathize warmly with the defendant, who is subjected to this heavy penalty for the act of his minor child of tender years, done without malice and even without capacity to comprehend its dangerous character. As matter of course, the defendant's liability must be restricted to actual damages. But, what relief can we give him under the evidence in this record ? The only testimony as to the character of the injury is that of the injured child herself and of a single expert, the learned young specialist who treated her. This testimony establishes not only the pain and suffering, but, a serious impairment of the sight of the injured eye; that the impairment is permanent; that it is likely to grow worse; that it may eventually result in the total loss of sight in that eye, and possibly in the affection of the other. We have no evidence to weigh against this; nothing to impair its force and effect in the slightest degree. We must accept it and act on it, or else act on nothing.

How then, shall we say that such an injury will be excessively compensated by two thousand dollars? The jury has passed upon the question by a vote of eleven to one. The learned judge below approved it, by refusing the new trial asked on this ground. We would not be justified in disturbing their finding, since it is not manifestly excessive, and if we should reduce it, we should feel no confidence that our own estimate came nearer exact retribution.

Judgment affirmed.

Rehearing refused.