SCHOTT, Judge.
On June 12, 1968, at about 5:15 P.M., plaintiff, Laura Turner, 62 years of age, was walking on the sidewalk on Plum Street in the City of New Orleans. When she was approximately ten feet from the corner of Dante Street, she was struck from the rear and knocked down by the bicycle being operated by Gregory Bucher, who was then two days short of six years of age. The boy had been riding on the sidewalk in front of his home on Dante Street and had just turned the corner at Plum Street when he saw the plaintiff and was unable to avoid striking her.
In their original petition plaintiffs alleged that the accident was caused by the negligence of the child, but in a supplemental and amending petition plaintiffs alleged that the boy’s father, Francis Bucher, was negligent in
“(1) Allowing minor child to operate a bicycle with insufficient brakes or inadequate braking systems.
(2) Allowing minor child, inexperienced in the operation of a two wheel bicycle, to operate same.
(3) Failure to maintain proper supervision over minor child’s operation of bicycle involved herein.”
The case was submitted for adjudication exclusively on the basis of depositions of Gregory Bucher, his mother and Mrs. Turner. From the trial judge’s dismissal *536 of their suit, plaintiffs have taken this appeal.
In this Court plaintiffs have acknowledged that the child could not be guilty of actionable negligence because of his age but contend that the trial judge erred in failing to find that the boy’s father should reasonably have foreseen the danger and should have taken reasonable precautions or exercised reasonable supervision over his minor child in an effort to avoid such danger.
In support of their position, plaintiffs cite Lumbermens Mut. Cas. Co. v. Quincy Mut. Fire Ins. Co., 220 So.2d 104 (La.App. 3rd Cir. 1969), where the following appears :
“In our opinion the question of whether the father is liable for the damages occasioned by his minor child, who is too young to be capable of negligence, must be resolved by determining whether the parent should reasonably have foreseen the danger, and thereupon took reasonable precautions or exercised reasonable supervision over the child in an effort to avoid the foreseeable damage.”
In the application of these principles to the facts of the cited case the Court concluded that the child’s mother did take reasonable precautions and exercised reasonable supervision over her children, so that the child’s father was exonerated from liability for damage from a fire started by his two children two and three years of age who had been playing with a cigarette lighter in a closet. Similar results were reached in Flettrich v. State Farm Mutual Automobile Ins. Co., 238 So.2d 220 (La.App. 4th Cir. 1970), where the parents of a three-year old child were absolved of legal responsibility for an injury sustained by a four-year old guest who was struck with a baseball bat by the defendants’ child, and in Fabre v. Lumbermens Mut. Cas. Co., 167 So.2d 448 (La.App. 1st Cir. 1964), where a four-year old child suffered an eye injury after being struck in the eye with a toy pistol by the defendants’ six-year old child. Also, in Tatum v. Parish of East Baton Rouge, 244 So.2d 913 (La.App. 1st Cir. 1971), the Court declined a plea of contributory negligence against the parents of a seven-year old who had drowned in a canal, concluding that the “evidence shows that the parents had forbidden the child to go into the canal, and that they exercised adequate supervision over his activities.”
In the instant case, the child’s mother testified that the child had gotten his bicycle for his fourth birthday; that he was capable of handling the bike; that he had regularly ridden on the sidewalk in the immediate vicinity of his home ever since he got the bike; that he had never had an accident before; and that the bicycle had normal foot pedal brakes.
There is no evidence to support plaintiffs’ position that it was reasonably foreseeable that this accident would be caused by the little boy on his bike, that his parents did not take reasonable precaution or that they did not provide reasonable supervision over him.
Affirmed.