347 So.2d 20 (1977)
Alex THIBO et ux., Plaintiffs-Appellees,
v.
AETNA INSURANCE COMPANY et al., Defendants-Appellants.
No. 5965.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1977.
Rehearing Denied June 24, 1977.
W. Gerald Gaudet, of Voorhies & Labbe, Lafayette, Pugh, Buatt, Landry & Pugh, by L. G. Pugh, Jr., Crowley, for defendant-appellant.
Edwards, Stefanski & Barousse, by Homer E. Barousse, Jr., Crowley, Ronald J. Bertrand, Rayne, for plaintiff-appellee.
*21 Before HOOD, CULPEPPER, WATSON, FORET and HEARD, JJ.
HEARD, Judge.
This is a suit for personal injuries sustained by Katherine Thibo, wife of Alex Thibo, while she was dressing Kevin Freeland, the minor 3-year-old child of Barton Freeland, Jr. The plaintiff, Katherine Thibo, was employed by the Barton Freelands as a cook and housekeeper, for the take-home wages of $53.00 per week. Her duties included taking care of the defendants' 3-year-old Mongoloid child, Kevin. The testimony revealed that Kevin is a strong, hyperactive child. The plaintiff testified he had to be watched constantly, and that she often had to chase and wrestle with him in the course of caring for him. On November 13, 1974, plaintiff was injured while attempting to dress the child. Kevin was standing on the bed and plaintiff was holding him with one hand, as usual, while reaching for his socks with the other. While plaintiff was off balance, Kevin jerked suddenly and plaintiff, an exceptionally large woman, was pulled sharply onto the bed. She stated she heard a "popping" sound and began to feel a pain in her back. Between November of 1974 and April of 1975, plaintiff visited several physicians, including a neurologist and an orthopedist. She was hospitalized for nine days, and was out of work for five months. At the time of trial, she was working as a cook at approximately the same pay she received before. She testified that she continues to suffer with her back. The trial court held that pursuant to the decision of the Supreme Court in Turner v. Bucher, 308 So.2d 270 (La.1975), appellants were strictly liable for any injuries caused by the children at the home and granted judgment against the father and homeowner and Aetna Insurance Company as his homeowner's insurer. From this judgment defendants have appealed.
The contentions of appellants are (1) The trial court erred in holding that the rationale of Turner v. Bucher, supra, applied in this case, and (2) that plaintiff assumed the risk of the accident which was a natural and ordinary risk of her occupation.
The responsibility of the parents of minor children is set forth in C.C. Art. 2318, which states:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons."
"The same responsibility attaches to the tutors of minors."
The Supreme Court held in Turner v. Bucher, supra, that under C.C. art. 2318, if the act of the child would be delictual if it were not for his age, the parent with whom he resides is legally at fault and therefore liable for the damage occasioned by the child's act. This liability may be escaped when the parent shows the harm was caused by the fault of the victim, by the fault of a third person, or by a fortuitous event. The court further stated that its holding in that case was limited to a situation where the victim is unwarned and unsuspecting of any impending harm from the acts of a child.
In the case of Fontenot v. Soileau, 336 So.2d 1006 (La.App. 3rd Cir. 1976), this court refused to apply the doctrine of strict liability imposed on the animal owners under Article 2321 and Holland v. Buckley, 305 So.2d 113 (La.1974). In this case, a child was injured when he was thrown from a horse while performing his duties as exercise boy. This court held that he had assumed the risk when he accepted employment as exercise boy, and that the harm suffered was encompassed by the ordinary risks of his occupation.
The plaintiff in this instant suit had been employed by the defendants for more than six months and part of her duties was caring for this Mongoloid child. She readily admitted that he was hyperactive and that she often had to wrestle with him and chase him about the house. When asked:
"Q. You had to wrestle with him every time?"
*22 "A. Oh, yes, sir. Even to bathe him. You had to hold him in the tub, keep him from eating the soap . . . . He was happy and frisky all the time."
In the case of Turner v. Bucher, supra, the plaintiff was struck from the rear by the bicycle being ridden by the child. She had no knowledge of the child as he approached her on the bicycle. She was unwarned and unsuspecting of any impending harm from the child.
In the present case, the plaintiff knew of the propensities of the child and we find that the holding of Turner v. Bucher, supra, does not apply to these facts.
We find that the present case is governed by the holding in Fontenot v. Soileau, 336 So.2d 1006 (La.App. 3rd Cir. 1976).
For the foregoing reasons, the holding of the trial court is reversed and set aside and that there is judgment in favor of the defendants, Aetna Insurance Company and Barton Freeland, Jr., and against Alex Thibo and his wife, Katherine Thibo, rejecting their demands. All costs of this appeal are assessed against plaintiffs-appellees.
REVERSED AND RENDERED.
FORET and CULPEPPER, JJ., concur in the result.
WATSON, J., dissents and assigns reasons.
WATSON, Judge, dissenting:
Katherine Thibo was employed by the Freelands to perform duties as a housekeeper and to assist in taking care of Kevin, a three-year-old retarded child suffering from Down's syndrome. Kevin was a strong, hyperactive child weighing about 37 pounds, who suffered from mental deficiency. Among other things, he was unable to talk.
On the date of the accident, Katherine was dressing the child; he was standing on the bed; she was holding him with one hand and reaching for his socks with the other. Kevin jerked suddenly and plaintiff experienced a twist and slip, as she described it, although it is not clear whether she fell across the bed.
When the child jerked her, Katherine suffered at least a severe lumbro-sacral sprain and possibly a ruptured inter-vertebral disc.
In this suit against her employer and her employer's liability insurer, Katherine claims damages under the theory of strict liability as announced in Turner v. Bucher, 308 So.2d 270 (La., 1975).
The trial court found for the plaintiff and awarded her $11,000 in general damages plus specials.
The majority holds that Turner v. Bucher, supra, does not apply and that the claim is governed by Fontenot v. Soileau, 336 So.2d 1006 (La.App. 3 Cir. 1976).
The theory of the majority is that plaintiff's claim is barred by assumption of the risk. Fontenot v. Soileau, supra, held that the young man injured in that case assumed the normal risks of his employment as an exercise boy, and this included the possibility of being thrown from a horse.
Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971) sets out the rules concerning assumption of risk in a strict liability case. I will quote at some length from Langlois:
"A plaintiff who with full knowledge and appreciation of the danger voluntarily exposes himself to the risks and embraces the danger cannot recover damages for injury which may occur.
"(4) We have here found absence of negligence, but we have found that the defendant is legally at fault. We must examine the plaintiff's appreciation and knowledge of the risks, his ability to avoid or minimize the risks, and whether he has consented to encounter the risk. The interests of the parties must be balanced. Plaintiff is not required to surrender valuable rights and privileges because defendant's conduct threatens him. Yet if the plaintiff could readily avoid or mitigate the damage caused by defendant's conduct and he knows how to do so, he cannot act in such a manner as to invite injury." 249 So.2d 140-141
*23 While Katherine knew the three-year-old child she was dressing was an active and frisky child, it cannot be fairly said that she knowingly exposed herself to the risk and embraced the danger of sustaining a severe back injury by undertaking to dress the child. Nor did she act in a manner as to invite injury. Katherine did not ". . . embrace a known danger with that consent required by law to bar . . . recovery. . ." in the language of Langlois. 249 So.2d 141.
The evidence leaves some doubt whether the action of Kevin Freeland was a cause-in-fact of Katherine Thibo's injury and whether Kevin's act would have been negligent and substandard if performed by an adult. Turner v. Bucher, supra. However, these are primarily questions of fact on which the determinations of the trial court should prevail, absent manifest error. Certainly, if an adult were holding Katherine's hand when she was turned in an awkward position and suddenly gave a strong jerk in such a manner as to wrench her back, this would have constituted a tort, probably intentional but at least negligent.
Therefore, I conclude that the present case falls under the Turner v. Bucher rule of strict liability and that the trial court judgment should be affirmed.