347 So.2d 1298 (1977)
Mr. and Mrs. Ronald RICHARD, Individually and as natural Tutors of their minor son, D'Wayne Richard
v.
Edward BOUDREAUX and the Travelers Insurance Company.
No. 11357.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
William C. Dupont, Plaquemine, for plaintiffs appellees.
*1299 Frank M. Coates, Jr., Baton Rouge, for defendants Edward Boudreaux and The Travelers Ins. Co., appellants.
Kenneth E. Barnette, Baton Rouge, for defendants Mrs. George Latiolais & St. Paul Fire Ins. Co.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
This is an action ex delicto by Ronald Richard and wife, individually and as natural tutors for their minor son D'Wayne Richard, against Edward Boudreaux and his insurer, The Travelers Insurance Company, and Mr. and Mrs. George Latiolais and their insurer, St. Paul Fire and Marine Insurance Company. All defendants pleaded contributory negligence and reconvened for contribution. The Trial Court rendered judgment in favor of plaintiff, Ronald Richard as natural tutor and against Boudreaux and Travelers for $6,500.00, in favor of Boudreaux and Travelers on their reconventional demand against Richard individually for $3,250.00 by way of contribution, in favor of Latiolais and St. Paul and against Richard, Travelers and Boudreaux, and in favor of Mrs. Richard dismissing the reconventional demand of Boudreaux and Travelers. Boudreaux and Travelers appealed, and plaintiff answered the appeal.
The record points out that the Richards and Boudreauxes were next door neighbors, and that the children of the two families played together. On November 25, 1974, several children were playing in the Boudreaux's back yard in and on an old Volkswagen shell which was overturned. The motor, chassis and various parts had been removed and on the day in question, parts of the motor were on the overturned shell, on the ground, as well as around the yard.
Young D'Wayne Richard, 1frac12; years of age, was with several other children inside the overturned shell, while Ronnie Richard, D'Wayne's older brother, was seated on the top of the overturned shell holding a part of the motor in his hands. It is unclear, but some of the children started rocking the overturned shell back and forth, eventually causing Ronnie to lose control of the motor part and drop it, striking young D'Wayne.
The Trial Judge found that on several previous occasions children had played around or on the overturned shell, that Mr. Boudreaux had to turn the shell right side up several times, and Mrs. Boudreaux had on several occasions picked up motor parts in various parts of the yard, thus indicating prior knowledge that children played with the parts and turned the shell over when they were told to do otherwise.
The Trial Judge concluded that the collection of motor parts with the Volkswagen shell that was apparently easily overturned constituted an attractive nuisance to the children in the neighborhood, citing Duxworth v. Pat Caffey Contractors, Inc., 209 So.2d 497 (La.App. 4th Cir. 1968), writ refused 252 La. 258, 210 So.2d 505 (1968). We find no error and agree.
Appellant argues against the attractive nuisance finding contending that a heavy object could have been dropped on D'Wayne from any platform, such as a swing set or a slide, and this alone would not have made these objects attractive nuisances. That perhaps is true, but here it is a combination of motor parts with an overturned rockable Volkswagen shell that caused the injury.
Appellants further argued that the Trial Judge erred when he failed to find liability on the part of the Latiolaises, the parents of Tracey, who was baby-sitting with the children. The record points out that immediately prior to the accident Tracey told the children to play on the carport while she went inside to prepare their lunch. The children apparently did not obey her directions, and within 15 minutes the accident happened. The Trial Judge found no fault on the part of Tracey, and we agree.
Plaintiff has answered this appeal contending that the Trial Court erred in finding liability on the part of Mr. Richard and awarding contribution on behalf of Boudreaux and Travelers without finding that the actions of young Ronnie Richard *1300 were negligent. Plaintiff contends that the Trial Judge misinterpreted the case of Turner v. Bucher, 308 So.2d 270 (La.1975) which holds "that although a child of tender years may be incapable of committing a legal delict because of his lack of capacity to discern the consequences of his act, nevertheless, if the act of a child would be delictual except for this disability, the parent with whom he resides is legally at fault and, therefore, liable for the damage occasioned by the child's act." We conclude after closely reading the Trial Judge's oral reasons for judgment that he did not misapply Turner v. Bucher, supra, and found, though not specifically stating as such, that the actions of young Ronnie Richard in being seated on top an overturned Volkswagen shell, holding a heavy motor part with young children seated beneath him, while the overturned shell was being rocked would have been negligent if he was of discernable age. Thus, under Turner v. Bucher, supra, his parents are liable for his actions.
Plaintiff also contends the Trial Judge was inadequate in his award of $6,500.00 for the injuries suffered by young D'Wayne Richard. D'Wayne received a depressed skull fracture with a small penetration in the brain matter from this accident. Bone fragments were removed as well as a very small amount of brain tissue, leaving an area of approximately the size of a 50 cent piece in the defect of the skull. He made an unremarkable recovery from surgery, and the expert testimony was that he should have no residual effects other than a one chance in fifty of possible seizures. We do not find the award of $6,500.00 to be an abuse of discretion on the part of the Trial Judge.
Therefore for the above and foregoing reasons the judgment of the Trial Court is affirmed at appellants' costs. AFFIRMED.