442 So.2d 608 (1983)
Debra S. FROMENTHAL, Individually and As Tutrix of the Estate of her Minor Son, Thaddus Fromenthal
v.
Steve CLARK, Individually and as Administrator of the Estate of his Minor Child Shawn Clark, et al.
No. 83 CA 0148.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*609 Thomas L. Mahfouz and Nicholas LaRocca, Lippman, Mahfouz, Martin, LaRocca, Stansbury & Anten, Morgan City, for plaintiff.
James B. Supple, Bauer, Darnall & Boudreaux, Franklin, for Steve Clark, et al.
L. Albert Forrest, Roy, Forrest & Lopresto, New Iberia, for Randy Hatler and State Farm.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
Plaintiff, Debra S. Fromenthal, individually and as natural tutrix of the estate of her minor child, Thaddus Fromenthal, sued defendants, Steve Clark, individually and as administrator of the estate of his minor child, Shawn Clark, and Clark's homeowners insurance carrier, United States Fidelity and Guaranty Company. Also named as defendants were Randy Hatler and his liability insurer, State Farm Fire and Casualty Company and/or State Farm General Insurance Company, seeking recovery for personal injuries sustained when Shawn Clark, age two years, allegedly severely bit the infant, Thaddus Fromenthal, while the infant was sleeping on a bed in Hatler's home.
The issue presented for determination is whether a child below the age of discernment is liable for his tortious conduct. The trial court held that "the child, Shawn Clark, was below the age of discernment and reason and, therefore, cannot be held liable for his delictual acts, negligent or intentional, because he lacks the ability to be legally at fault."
On November 4, 1980, Thaddus, a two weeks old infant, was severely bitten by Shawn while sleeping on a bed in the bedroom of the home of Randy Hatler, and allegedly sustained the injuries complained of.
It is established that a child of tender years is incapable of discerning the consequences of his actions and, therefore, cannot be held legally liable for acts under an objective standard designed for normal reasoning persons. Betbeze v. Cherokee National Insurance Co., 345 So.2d 577 (La.App. 4th Cir.1977), writ denied 349 So.2d 329 (La.1977); see also Turner v. Bucher, 308 So.2d 270 (La.1975), noted 49 Tul.L.Rev. 1194 (1975); Horn v. American Employers' Insurance Company, 386 F.2d 360 (5th Cir.1967).
While Turner v. Bucher imputes the fault of the child too young to reason or have intellectual discernment to the father, it does not fix personal liability for delictual conduct on the minor or his estate. Turner places full responsibility and liability on the father for the torts of his infant child who lacks discernment. In such cases, the fact that the conduct is tortious when measured by normal standards is enough to impose liability on the father.
In Turner, id. at 277, the Court remarked:
We conclude that although a child of tender years may be incapable of committing a legal delict because of his lack of capacity to discern the consequences of his act, nevertheless, if the act of a child would be delictual except for this disability, the parent with whom he resides is legally at fault and, therefore, liable for the damage occasioned by the child's act. This legal fault is determined without regard to whether the parent could or could not have prevented the act of the child, i.e., without regard to the parent's negligence. It is legally imposed strict liability. This liability may be escaped when a parent shows the harm was caused by the fault of the *610 victim, by the fault of a third person, or by a fortuitous event. (Emphasis added).
Under the explicit provisions of LSA-C.C.P. arts. 966 and 967, the court below correctly rendered judgment in favor of the estate of the minor because there was no genuine issue as to material fact and this defendant was entitled to judgment as a matter of law, as discussed above. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Bouffanie v. Cheramie, 417 So.2d 32 (La.App. 1st Cir. 1982).
In so ruling we in no way limit the plaintiff's right to offer evidence to prove the incident giving rise to the injuries sustained by the infant Fromenthal. Our holding means only that the law at present does not permit suit to be maintained against a child below the age of discernment to recover damages arising out of the tortious activity of such child. The vicarious liability of the father in such case is in no way diminished by our decision. LSA-C.C. art. 237, LSA-C.C. art. 2318; Turner v. Bucher.
We affirm at appellant's costs.
AFFIRMED.