DOUCET, Judge.
The plaintiff-wife was struck on the head by a partially inflated volley or socker ball while she was standing in a doorway of the Oak Hill High School Gymnasium on March 7, 1984. Mrs. Melder and her husband sued the homeowner’s insurer of the father of the 17 year old boy, her nephew, Craig Melder, who threw the ball while participating in a supervised physical education class during school hours. The district judge denied recovery concluding that neither the young man nor his parents were negligent. The plaintiffs have appealed. We affirm.
The facts regarding liability vel non are undisputed. Mrs. Melder was a teacher’s aide at Oak Hill High School and had been so employed since 1978. She had been in the gymnasium many times before and had seen the boys play “war ball”, the game in which young Melder was engaged, on a number of occasions. The plaintiff described the game as being similar to “Dodge Ball”, with two teams on each side. One of the players would throw the ball at a member of another team. If hit, that player is retired and the game continues on with each side throwing at the other until all of the players on one of the teams have been hit and eliminated. Craig Melder testified that he threw the ball at another player, who was running across in front of him. The other boy stopped. The ball missed him and hit the plaintiff. He did not intend to hit Mrs. Melder, who did not see the ball until she was struck.
NEGLIGENCE
The plaintiff-appellant contends that “the trial court committed error in finding that the conduct of the minor child of the defendant’s insured was not negligent.” In order for us to determine whether this assignment of error has merit, it is necessary to employ what is often referred to as the “duty-risk” analysis. In Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984), our Supreme Court stated:
“Louisiana has for some time employed the duty-risk analysis to determine legal responsibility in tort claims.
The pertinent inquiries are:
I. Whether the conduct of which plaintiff complains was a cause-in-fact of the harm;
II. Whether there was a duty on the part of the defendant which was imposed to protect against the risk involved;
III. Whether there was a breach of that duty; and
IV. Damages.”
As to the first inquiry, the defendant readily admits that young Melder’s throwing of the ball was a cause-in-fact of the harm. Thus, this inquiry is easily answered. The more difficult question is whether there was a duty on the part of the student participating in a supervised physical education class to protect the plaintiff from accidentally being struck by the ball. We do not think that there was.
The Louisiana Supreme Court in Harris, supra, at 1371, stated that “duty is a question of law”. This court knows of no statutory or jurisprudential duty placed upon a participant in a sports activity abiding by the rules of the game to refrain from accidentally injuring a spectator who is fully aware of the risks involved. Plaintiff-appellant was well aware of the risks involved in “war ball”. The record reflects that she had observed students playing the sport on numerous occasions. Thus, had she been attentive she would have been in a better position to avoid the risk than he. The only duty young Melder owed petitioner was to keep her free from any unreasonable risk of harm. Certainly, the risk of harm in this incident was not unreasonable.
Having concluded that Craig Melder had no duty to protect the plaintiff from acci *1097 dentally being struck by the ball, it is unnecessary for the third and fourth inquiries of the duty-risk analysis to be addressed.
In a somewhat similar case, Turner v. Caddo Parish School Board, 252 La. 810, 214 So.2d 153 (La.1968), a 71 year old spectator on the sidelines of a Junior High School football game was struck by a player who ran out of bounds. Recovery was denied. The Supreme Court concluded that the player’s conduct did not create an unreasonable risk of foreseeable harm to the spectator.
Another analogous case is Lear v. United States Fire Ins. Co., 392 So.2d 786 (La.App. 3rd Cir.1980), wherein we held that there was no breach of duty of care owed by a homeowner to a visitor who was struck by a ball in the yard where the host’s children were playing baseball.
In the instant situation, the trial court concluded that no negligence had been shown on the part of Craig Melder in this matter. Having reviewed the record, we find that the evidence supports the trial court’s findings. Since the trial court’s findings were not manifestly erroneous or clearly wrong, we are not in a position to disturb them.
STRICT LIABILITY
The plaintiff-appellant further contends that “the trial court committed error in failing to apply strict liability to the facts of this case.” Plaintiff cites Turner v. Bucher, 308 So.2d 270 (La.1975), as authority for this contention. Turner v. Bucher, supra stands for the proposition that if the act of a child would be delictual except for his tender years, the parent with whom he resides is legally at fault whether the parent could have prevented the act of the child without regard to his negligence.
Applying the principles enunciated in Turner v. Bucher, supra, to the instant situation, leads us to the conclusion that young Melder’s parents cannot be held strictly liable for their son’s actions. While Turner v. Bucher, supra, specifically permits recovery against parents of a child who has committed an act that would be delictual but for his tender years, it does not permit recovery for non-delictual actions, thus Turner v. Bucher, supra, dictates that his parents cannot be held in strict liability.
Having concluded there is no negligence on the part of young Melder, it is unnecessary to determine whether plaintiff, Edith Melder, is barred from recovery for assumption of risk.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.