11 McKAY, Judge.
Appellant, Ingrid Johnson, appeals the ruling of the trial court, dismissing defendants, Patricia Pendelton and Liberty Mutual Insurance Company and dismissing the plaintiff, Ingrid Johnson’s, third party demand file against defendant, Chateau de Notre Dame Nursing Home and finding that the defendant Chateau de Notre Dame was 100% fault.
The plaintiff, Ingrid Johnson, was employed at Chateau de Notre Dame as a certified nursing assistant. On November 22, 1993, Ms. Johnson was attending Ms. Pendleton, a resident who had been admitted to Chateau de Notre Dame earlier that day, when Ms. Pendleton struck Ms. Johnson in the back. Ms. Johnson reported the incident to her supervisor and others. She then proceeded to attend another resident when Ms. Pendleton followed her and once again attacked her by throwing her *333 against a table. There had been earlier reports of violent behavior by Ms. Pendle-ton earlier in the day. At about 2:30 p.m. she had punched an orderly as she passed him in the hallway. Additionally, it was ■ noted throughout the day she continually roamed the hallways of the third floor and into other residents’ rooms. At around 7:30 she was found in another resident’s room with a pillow over the president’s face. Her violence worsened and eventually her husband came and took her home, As a result of these alleged unprovoked attacks on the plaintiff she claims that she sustained permanent injuries to her back. Ms. Pendleton had been diagnosed with Alzheimer’s Dementia with psychotic symptoms. The plaintiff alleged in her Petition for Damages that the defendant Chateau de Notre Dame was responsible for the actions of the defendant, Patricia Pendleton, because of their knowledge of Ms. Pendleton’s dangerous propensities. Additionally, the plaintiff alleged that Ms. Pendleton’s actions were intentional and that the resident was under Chateau de Notre Dame’s care and custody at the time of the allege incident. Consequently, the knowledge of Chateau de Notre Dame was tantamount to an intentional tort therefore, an exception to La. R.S. 23:1032, the Workers’ Compensation Act. The defendant, The Chateau de Notre Dame took exception to this claim and filed an Exception of No Cause of Action, claiming that they were immune pursuant to La. R.S. 23:1032. The trial court denied this exception on March 28,1995.
A trial was held on' February 9, 1998, and a $17,000.00 judgment was awarded to the plaintiff Ms. Ingrid Johnson and against the defendant Liberty Mutual Insurance Co. Additionally, Chateau de No-tre Dame was ordered to indemnify the defendant to the extent of 100%. Pursuant to the trial court’s ruling the plaintiff filed a Motion for Partial New Trial to Reconsider the Previous Judgment of February 27, 1998 claiming she had been aggrieved by this judgment. The trial court granted the Motion and rendered a new judgment on May 8, 1998, which is the subject of this appeal. The plaintiff now complains that; the trial court erred in finding the defendant Chateau de Notre Dame 100% at fault, in dismissing her claims against the defendants Patricia Pendleton and the defendant’s home | Rowners’ insurer Liberty Mutual and in dismissing Patricia Pendleton’s third party ciajm for indemnification and contribution against Chateau de Notre Dame.[1]
In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Hill v. Morehouse Parish Police Jury, 95-1100 (La. 1/16/96), p. 4, 666 So.2d 612, 614; Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95), 650 So.2d 742, 745; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The trial court agreed with the argument of defendant Liberty Mutual, that Chateau de Notre Dame was 100% at fault and held that Chateau de Notre Dame 100% at fault in this action and released all other solidary obligors. Furthermore, on January 3, 1997, the plaintiff entered a settlement and release agreement with Chateau de Notre Dame in the amount of $3,500.00 releasing them from all Workers’ Compensation claims and tort claims.
In the case sub judice the trial court apportioned 100% fault to Chateau de No-tre Dame. Ultimately, the defendant Chateau de Notre Dame settled out of court for $3,500.00 and a Motion to Dismiss with prejudice was filed and granted by the trial court. The trial court then dismissed all of the defendants, Ms. Pendleton and Liberty Mutual Insurance Co., her home *334 owners’ carrier, and the third party claim against Chateau de Notre Dame.
The trial court found that Chateau de Notre Dame was 100% at fault for Ms. Johnson’s injuries. The trial court also dismissed the claim against Patricia Pen-dleton who was found to be mentally incompetent and not responsible for her 1 ¿actions in conformity with Turner v. Bucher, 308 So.2d 270 (La.1975), in which our Louisiana Supreme Court held that a mentally incompetent could not be held hable for their actions. In any event the trial court found that Chateau de Notre Dame was 100% at fault for this accident. No portion of fault was allocated to Ms. Pendleton. The trial court took into account the patient’s mental state and Chateau de Notre Dames’s responsibilities with regards to the patient when the trial court apportioned all of the fault to Chateau de Notre Dame. There is no way that we can find that the trial court’s allocation of fault was manifest error, because the plaintiff had already compromised her claim with the Chateau de Notre Dame. The trial court was correct in dismissing Ms. Johnson’s third party demand against that defendant. For the forgoing reasons we find no error in the ruling of the trial court. Our opinion is based on the specific facts presented in this case.[2] Accordingly, we affirm the ruling of the trial court.
AFFIRMED.
KIRBY, J„ DISSENTS WITH REASONS.

. The defendant Liberty Mutual Insurance Company did not file claims for indemnification nor contribution from Chateau de Notre Dame.

. Liberty Mutual could well have been found liable under a different scenario.