11 KIRBY, J.,
dissenting.
I dissent because I cannot accept the proposition that a person who does an act that causes damage to another gets off scott free while a joint tortfeasor who is merely negligent is saddled with 100% of the liability for the actor.
At the conclusion of the trial and judge stated:
After considering the evidence and the testimony and the law, the court finds in favor of the plaintiff and against the defendant, Liberty Mutual in the amount of $17,000 together with interest and finds that Chateau de Notre Dame should indemnify the defendants to the extent of one hundred percent.
The court is of the opinion that while it is uncontroverted. that Mrs. Pendleton assaulted or battered the plaintiff, the court is of the opinion that the Chateau de Notre Dame had enough. — did not act reasonably in light of the orderly being hit in the first punch that Mrs. Johnson withstood from Mrs. Pendleton coupled with the holding the pillow over the other resident’s head; that perhaps Chateau de Notre Dame or someone in a little more authority should have done something to, if not restrain, constrain Mrs. Pendleton and limit her freedom until perhaps a doctor or someone else in a position to give an order to have her restrained could be contacted.. I just don’t think that they acted properly.
If I draw the analogy between, I can’t say that Chateau de Notre Dame was a curator, but if I draw an analogy as to that article of a curator or of the same person that was answerable for that person or their acts while they was | {¡[sic] in their care, then I find that Chateau de Notre Dame was responsible while she was in their care.
Implicit in the rationale is the trial judge’s belief that she could not hold a non compos mentis person hable for her acts. Otherwise, she would not have made the analogy to the curator. Also implicit in her ruling is the belief that if Mrs. Pendle-ton was immune from liability then her insurance company was likewise free of liability. That explains why she ordered Chateau, the only other party available to be cast, to indemnify Liberty Mutual to the tune of 100%.
I believe the trial court erred as a matter of law in finding Chateau 100% at fault *335 for Mrs. Pendleton’s actions. This is not a case of first impression. Admittedly, in Yancey v. Maestri, 155 So. 509 (La.App.1934)[1] the court held that an uninterdicted insane person could not be personally liable for his torts. However in von Dameck v. St. Paul Fire & Marine Ins. Co., 361 So.2d 283 (La.App. 1 Cir.1978) the court held[2] that an uninterdicted insane person’s insurer could be held liable because the insanity defense was personal to the insured and not available to the insurer. Id. at 289.
In summary, therefore, I suggest the trial court’s rationale is based upon a faulty premise: That if the actor is insane and exempt from liability, his insurer is also exempt. I believe that Chateau may be comparatively negligent, but I also think Mrs. Pendleton’s insurer should not be able to evade its liability for her delicts. I would amend the judgment to provide that Chateau was no more than 50% at fault and affirm the damage award.

. Yancey maybe of questionable vitality following the Supreme Court's ruling in Turner v. Bucher, 308 So.2d 270 (La.1975) because Yancey relied on the rationale of Johnson v. Butterworth, 180 La. 586, 157 So. 121 (1934) which was overruled in Turner, supra.

. The First Circuit presumed arguendo Yan-cey was still valid but found the defense personal to the insured