ELLIS, Judge.
This is a suit by Larry W. Tatum and his wife, Ellen Russell Tatum, against the Parish of East Baton Rouge, for damages arising out of the death of their minor son, Chris Wayne Tatum, on January 25, 1969. On that date, young Chris drowned in a deep hole in the bottom of a drainage ditch owned and maintained by the defendant. After trial on the merits, judgment was rendered in favor of each parent for $15,-000.00, and in favor of Mr. Tatum for $1,092.32 additional for special damages. From that judgment, the defendant has appealed.
The hole in which the drowning took place was of irregular shape, approximately circular, about five feet in diameter, and six to eight feet deep. It was caused by erosion resulting from the flow of water from a large drainage pipe which emptied into the canal at that point. The existence of such a condition may be prevented by placing rip-rap, usually irregular chunks of concrete, at the point where the incoming water strikes the floor of the canal. There was no rip-rap at the point of the hole.
Testimony in the case reveals that the developers of subdivisions which drain into such canals are required to place the rip-rap therein. There is no evidence as to whether it was done in this case or not. There is testimony that this particular canal had been widened and deepened by defendant subsequent to the location of the drainage pipe. From this, we conclude that defendant either removed the rip-rap at that time, or became aware of its absence. There is no evidence that defendant ever placed any rip-rap at this point until after the accident.
Underbrush growing in the canal is cut twice a year by Parish employees, the last cut having been made in November, 1968, about two months before the drowning. The presence of the hole was not noticed at that time, although it may have been covered by water then standing in the canal.
At the time of the accident, the canal was dry, and the hole had the appearance from above of a small pool or large puddle. Mr. and Mrs. Tatum lived about one block from the canal. They had forbidden young Chris, who was seven years old, to play in the canal. At the time of the accident, they thought he was playing football in a friend’s yard a few doors away.
Defendant first objects to the finding of constructive notice to it of the existence of the hole. We believe the trial court correctly resolved this issue. Defendant knew that holes of this sort would result from erosion if rip-rap were not appropriately placed. Even if its employees did not observe the hole, they must have observed the absence of the rip-rap. When the canal was widened and deepened over a year before the accident, the absence of rip-rap should have been noticed. Defendant should have known of the existence of the hazardous condition created by the hole.
Likewise, we find that the defendant should have known that small children would play in the drainage canals. Testimony in the case indicates that a path led through the canal only a short distance from the hole, which was used by children going to and from school, and that neighborhood children customarily played in the canal.
We find that the hole constituted a hazardous condition in the nature of a trap, and that it was negligently allowed to exist by defendant in an area where it could reasonably be anticipated that children would be playing. We hold that defendant is liable for injury or death resulting therefrom. Civil Code Article 2315.
We find no merit in the claim of contributory negligence on the part of plaintiffs. The evidence shows that the parents had forbidden the child to go into the canal, and that they exercised adequate supervision over his activities.
*915 On the question of quantum, we note that no question is raised as to the special damages of $1,092.32 awarded to Mr. Tatum. Defendant does claim, however, that the award of $15,000.00 is excessive and should be reduced to $10,000.00. We note awards varying from $10,000.00 to $20,000.00 in cases of this nature among the recent decisions in this State. We find the award in this case to be within the bounds of the great discretion allowed trial courts in fixing quantum.
Finally, defendant complains that the trial court erred in condemning it to pay all costs. Under R.S. 13:4521, only stenographic costs may be taxed against parishes. The judgment will be amended in this respect.
The judgment appealed from is amended by limiting the liability of defendant for costs to stenographer’s costs for taking testimony, and as amended, it is affirmed.
Amended and affirmed.