325 So.2d 655 (1975)
Bertrand Joseph MEAUX, Individually and for the Estate of his minor child, James Meaux, Plaintiffs-Appellees,
v.
Gus O. WILEY et al., Defendants-Appellants.
No. 5246.
Court of Appeal of Louisiana, Third Circuit.
December 24, 1975.
Rehearing Denied January 30, 1976.
*656 Gold, Hall, Hammill & Little by Leo Gold, Stafford, Pitts & Stafford, by John L. Pitts, Lewis O. Lauve, Gist, Methvin & Trimble by James T. Trimble, Jr., Alexandria, Sam J. Friedman, Natchitoches, for defendants-appellants.
Gravel, Roy & Burnes by Chris J. Roy, Alexandria, Roy Maughan and Dorsey Martin, III, Baton Rouge, Alfred Mansour and Edward A. Kaplan, Pharis & Pharis by F. Jean Pharis, Alexandria, Watson, Murchison, Crews & Arthur by William P. Crews, Jr., Natchitoches, for plaintiffs-appellees.
Before MILLER, WATSON and CUTRER, JJ.
MILLER, Judge.
Defendants appeal a judgment awarding plaintiff Bertrand Joseph Meaux 1) $30,000 for the wrongful death of his wife *657 Mrs. Martha Meaux, the driver of the pickup truck; 2) $40,000 for the wrongful death of his son Charles Eldridge Meaux; and 3) $12,000 to him (for James' injuries) as administrator of his minor son James' Estate. Both sons were guest passengers in the pickup truck. Plaintiff Meaux answered the appeal and seeks 1) to increase the $12,000 awarded him as administrator of James' Estate and 2) to reverse the trial court's rejection of his claim for the death of his alleged son Joseph Bert Crain. We amend the basis for the trial court's decision (to reduce the award for the wrongful death of his son Charles, and to recognize his claim for the wrongful death of his son Joseph) and affirm.
This case was consolidated for trial and appeal with Ogaard v. Wiley, 325 So.2d 642 (La.App. 3 Cir. 1975), handed down this date. Defendants are named in that opinion. For reasons there assigned the trial court judgment is affirmed as to liability of the several defendants.
Defendants did not seek to reduce the award for injuries to Meaux's son James. James' injuries are reviewed in connection with Meaux's answer to the appeal.
James suffered lacerations and a broken pelvis in the accident. He was hospitalized for a week and walked with crutches for the next two weeks. James' principal problems relate to psychological problems which manifest themselves in recurring nightmares and visions. He dreams about the collision and has visions of his mother and siblings who died in the accident. He exhibits behavior problems for which he has been treated by a mental health clinic and for which he was once hospitalized for three months. He was under treatment at trial. The diagnosis is adolescent adjustment problems secondary to or aggravated by the accident.
Plaintiff failed to establish manifest error in the award for James' injuries. It is not so inadequate as to constitute an abuse of the trial court's much discretion.
As to the $40,000 awarded plaintiff Meaux for the death of his son Charles Eldridge Meaux, the record is devoid of testimony or evidence indicating the nature of the relationship between Meaux and his deceased son. Finding no evidence to support the $40,000 award, we reduce it to the sum of $20,000. That amount is allowed on the basis of the natural grief sustained by a father over the death of his son.
The trial court rejected Bertrand Meaux's claim for damages resulting from the death of Joseph B. Crain (Meaux). Martha filled out this child's birth certificate as if she were still married to her former husband. But Martha had told him she was divorced before they began living together. Meaux's testimony indicated they had lived together for almost a year before Joseph's birth. Meaux "took credit" for the child and lived with the mother during her pregnancy. Joseph was raised in the Meaux home and was always held out to be Meaux's child. The weight of the evidence establishes Meaux to have been Joseph's biological father.
In holding Meaux failed to establish himself to be the child's father, the trial judge's written reasons focused on the uncertainty of Martha's divorce from her previous husband. Where and when the divorce was granted and even "if", are not established. The question so raised has its impact through LSA-C.C. art. 184 which establishes a presumption of paternity by the legal husband of children conceived during the marriage.
After the trial court decided the case, our Supreme Court handed down Succession of Mitchell (Morrison v. Griffin), 323 So.2d 451 (La.1975), which we understand to modify the strict rule.
Under the facts before us, there was no bar to the legitimation of Joseph by Bertrand and Martha's subsequent marriage.
Furthermore, Meaux established himself to be the biological father and Joseph resided with him in his household. The bar *658 to recovery based on the legitimacy of that relationship would violate the equal protection provisions of the United States Constitution. Glona v. American Guarantee & Liability Insurance Company, 391 U.S. 73, 88 S.Ct. 1515,20 L.Ed.2d 441 (1968).
We therefore find manifest error in the trial court's refusal to award damages to Bertrand for the death of his son Joseph. In determining quantum we again find the record devoid of testimony or evidence indicating the nature of the relationship between Meaux and his deceased son. We set the quantum to be awarded Meaux for Joseph's wrongful death at $20,000, the same amount awarded for the death of his son Charles.
Defendants contend the $30,000 awarded Bertrand Meaux for the death of his wife Martha is unsupported. Bertrand married Martha shortly before this accident, but they had been living together for several years prior to the marriage. The record indicates Bertrand and Martha Meaux had a stable relationship and she cared for the children of both their prior marriages and the children born to them. She kept up the household which he supported. There is evidence of a maturing and permanent relationship.
On the basis of the meager record we would have made a smaller award for the wrongful death of Meaux's wife, but defendants have failed to establish manifest error in the exercise of the trial court's much discretion.
The award of funeral expenses was not briefed or argued and is therefore affirmed.
Although we differ with the manner in which the trial court arrived at the award of $70,855.80, we find the award supported by the evidence. The trial court judgment is affirmed at appellants' costs.
Affirmed.

ON APPLICATION FOR REHEARING
For reasons assigned on rehearing in Ogaard v. Wiley, 325 So.2d 642 (La.App.3rd Cir., 1975), we amend the trial court's and our former decree to assess all legal interest which accrues on the judgment from June 6, 1975 to defendants Hartford and Travelers. Should Hartford and Travelers satisfy their liability on the judgments, Mission would then be liable for interest accruing thereafter.
With this amendment, all applications for rehearing are denied. All parties are hereby granted leave to file additional applications for rehearing relating to this amended decree.
Amended and affirmed.