LANDRY, Judge.
Conceding liability, defendants Robert M. Kersbergen and his insurer, United Services Automobile Association (United), (Appellants), appeal from judgment awarding plaintiffs Carol Weathersby and Delbert H. *499 Cox (Appellees), general damages of $25,-000.00 each for the wrongful death of Ap-pellees’ major son who was killed in an automobile accident. Judgment was also rendered in favor of United States Fidelity and Guaranty Company (USF&G), interve-nor, for $1,000.00 for funeral expenses paid by USF&G as workmen’s compensation insurer of decedent’s employer. In addition, judgment was rendered in favor of Appel-lees in the sum of $1,469.23 for funeral expenses not paid by USF&G. Despite a stipulation limiting United’s liability to $50,000.00, all judgments were rendered against Appellants in solido. We amend the judgment to limit United’s liability to the stipulated sum.
Appellants principally contend that the trial court abused its discretion in awarding equal special damages to both parents since the record allegedly shows a much closer relationship between father and son than between mother and son. It is suggested that the award to the mother should be reduced drastically.
Decedent’s parents were divorced in 1968, at which time decedent was approximately 13 years old. Custody of the children of the marriage (5 girls and 3 boys) was awarded the father. From the time of the divorce until March, 1974, decedent lived in Reserve, Louisiana, with his father and some of his brothers and sisters. In March, 1974, decedent’s father moved to Georgia for business reasons. Decedent remained in Reserve to complete his high school education and was graduated from high school in the summer of 1974. Following graduation, decedent obtained employment and had been employed a short time prior to his demise on September 4, 1974. At the time of his death, decedent was almost 19 years of age.
Following the divorce, decedent’s mother resided in Reserve until February, 1972, at which time she remarried and moved to Lafayette, Louisiana. From the time of the divorce until she left Reserve, the mother saw decedent and her other children at frequent intervals and they stayed with her often. After moving to Lafayette, the mother saw decedent at intervals of 4 to 5 weeks. Although the mother did not make fixed periodic payments for decedent’s support, she occasionally gave him money for traveling expenses to encourage his visiting her in Lafayette. She gave decedent a graduation present and was present at the hospital at the time of decedent’s death.
Appellants correctly contend the amount due a parent as special damages for the death of a child depends on the loss of love, affection and companionship involved in each case. Wright v. Romano, 279 So.2d 735 (La.App. 1st Cir. 1973).
Amounts awarded parents for the death of a child may differ where, due to divorce or other factors, ties between a child and one parent are stronger or closer than those between the child and the other parent. Ogaard v. Wiley, 325 So.2d 642 (La.App. 3rd Cir. 1975).
Nevertheless, an award of special damages for wrongful death or personal injuries lies within the sound discretion of the trial court, and is not to be disturbed on appeal except on a showing of clear abuse of such discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Under the circumstances, we find no abuse of that discretion. We find these awards well within the range of discretion allowed by Coco, above.
We do, however, find merit in United’s contention that its liability should be limited to the stipulated amount of $50,-000.00.
It is ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby amended and judgment rendered herein as follows:
In favor of plaintiffs Carol Weathersby and Delbert H. Cox in the sum of $25,000.00 each, against defendants Kersbergen and United, in solida;
In favor of intervenor, USF&G against defendants Kersbergen and United, in soli-do, in the sum of $1,000.00, to be paid by preference;
*500 In favor of plaintiffs Carol Weathersby and Delbert H. Cox against defendants Kersbergen and United, in solido, in the sum of $1,469.23.
It is further ordered, adjudged and decreed that all awards bear legal interest from date of judicial demand until paid; that the total liability of United is limited to stipulated policy limits of $50,000.00; and, that all costs of these proceedings be paid by defendants.
Amended and rendered.