366 So.2d 619 (1978)
Clara Mae LALONDE, Individually and as natural mother of the Deceased, Voorhies Lee Stelly, Jr.
v.
MISSOURI PACIFIC RAILROAD COMPANY et al.
No. 6724.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1978.
Rehearing Denied January 31, 1979.
Writs Refused March 23, 1979.
*620 Dubuisson, Brinkhaus & Dauzat by James G. Dubuisson, Opelousas, William J. Doran, Jr., Baton Rouge, for defendant-appellant.
Dean & Lomenick, Otis E. Lomenick, Jr., Opelousas, for plaintiff-appellee.
John A. Jeansonne, Jr., Lafayette, for defendant-appellee.
Before CULPEPPER, FORET and CUTRER, JJ.
CUTRER, Judge.
Defendants, Missouri Pacific Railroad Company and the Department of Highways of the State of Louisiana, appeal a judgment awarding Mrs. Clara Mae Lalonde, the mother of Voorhies Stelly, Jr., $45,000.00 for the death of her son plus $10,000.00 for her one-half of the $20,000.00 award for the conscious pain and suffering of the son between the time of the accident and the time of death. The deceased son was a guest passenger in the pickup truck.
Mrs. Lalonde divorced Voorhies Stelly, Sr., in 1971; thus she brought this separate suit.
This case was consolidated for trial and appeal with Hebert v. Missouri Pacific Railroad Company et al., 366 So.2d 608. For the reasons therein assigned, the trial court judgment is affirmed as to liability of the defendants.
Defendants contend the awards are excessive and should be reduced to $15,000.00 for the death of the son and $5,000.00 for the mother's share of the son's pain and suffering.
Awards made to parents for the death of a child depends on the loss of love, affection and companionship involved in each case. Such awards may differ where, due to divorce or other factors, the ties between the child and one parent are stronger or closer than those between the child and the other parent. Weathersby v. Kersbergen, 356 So.2d 498 (La.App. 1st Cir. 1977); Ogaard v. Wiley, 325 So.2d 642 (La. App. 3rd Cir. 1975).
Mr. Stelly and Mrs. Lalonde were married and lived together until 1971. Of this union, 11 children were born. They were divorced in 1971. Mr. Stelly was given custody of the children in the divorce proceedings. Mrs. Lalonde testified that she had a "nervous breakdown" in 1970 and was hospitalized for one month. When she was discharged from the hospital she moved from Arnaudville to the State of New York. Mrs. Lalonde stated that she left Arnaudville *621 and the family and went to New York to seek a better way of life. She continued living in New York up until the time of her son's death.
Mrs. Lalonde did not remarry and went to work as a baby sitter and at the time of trial was earning $135.00 per week. She testified that she would occasionally talk with her children by phone and would go to Arnaudville to visit with them during her annual vacations. She stated that she sent some money to the deceased son to help him along. This was the extent of her contact with the children. We find that the relationship between the mother and son was not a strong relationship due to the several years of voluntary separation of the mother from the son. We conclude that the award of $45,000.00 for damages to Mrs. Lalonde for the death of her son was excessive and should be reduced to $25,000.00. Meaux v. Wiley, 325 So.2d 655 (La.App. 3rd Cir. 1975).
The next issue is the trial court's award of $20,000.00 for pain and suffering by Voorhies Stelly, Jr., before death, $10,000.00 of which was awarded to Mrs. Lalonde.
The evidence reflects that Stelly received very severe internal injuries to the liver, spleen, diaphragm, bronchus, and bladder, and fractures of the pelvis and ribs. He complained to the physician of his pain. His sister testified that he also expressed his love for his father prior to being taken to the operating room. There is evidence that Stelly recognized his critical condition. The accident occurred at 3:30 P.M. and he died at approximately 7:30 P.M.
In the case of Temple v. Liberty Mutual Insurance Company, 336 So.2d 299 (La.App. 1st Cir. 1976), the court awarded $10,000 for conscious pain where the evidence reflected signs of life at the scene of the accident but the accident victim was dead on arrival at the hospital. In view of this, we do not find that the trial court committed any manifest error in its award of $20,000.00 in this case.
For these reasons, the judgment appealed from is therefore amended so as to reduce the award for the death of plaintiff's son from $45,000.00 to $25,000.00. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are to be borne one-half by plaintiff and one-half by defendants.
AMENDED AND AFFIRMED.