SAVOIE, Judge.
This case is on remand from our Supreme Court, 437 So.2d 840, to fix damages in favor of the plaintiffs, Mr. and Mrs. Guillot, for the wrongful death of their two-year-old son.
The record contains little evidence indicating the nature of the relationship between plaintiffs and their son. Accordingly, we assume their relationship to have been the normal relationship between parents and their two-year-old child. Based on this assumption, we find that an award of $25,000 per parent is appropriate. Meaux v. Wiley, 325 So.2d 655 (La.App. 3rd Cir. 1975); Clifford v. Recreation and Park Commission of East Baton Rouge, 289 So.2d 373 (La.App. 1st Cir.1973), writ denied, 293 So.2d 168 (La.1974); Tatum v. Parish of East Baton Rouge, 244 So.2d 913 (La.App. 1st Cir.1971), writ refused, 258 La. 364, 246 So.2d 683 (La.1971).
Accordingly, we award $25,000 each, in favor of Lloyd Guillot and Karen Sellers Guillot, and against defendant, Fisherman’s Paradise, Inc.,[1] together with legal interest from the date of judicial demand. Defendant is to pay all costs. Judgment is so rendered.
JUDGMENT RENDERED.

. Service was never obtained on Gerald Strickland and, therefore, he is not a proper party defendant in this suit. Similarly, Gilbert Dozier is no longer a proper party defendant in this suit. With respect to Gilbert Dozier, the trial court granted a judgment of dismissal in his favor pursuant to C.C.P. art. 1810 and this judgment has not been appealed. On October 7, 1975, Fisherman's Paradise, Inc. purchased all the outstanding stock and assets of Flying Bridge Marina, Inc. and assumed responsibility for all debts. Accordingly, Fisherman's Paradise, Inc. is the sole remaining defendant herein.