336 So.2d 900 (1976)
Guy E. BABIN, Individually and as Administrator of the Estate of the minor, Guy E. Babin, Jr.
v.
ZURICH INSURANCE COMPANY et al.
No. 7515.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1976.
On Rehearing September 14, 1976.
*901 Donald P. Schwarz, Matthew J. Hill, Jr., Robert B. Chopin, Mitairie, for plaintiff-appellee.
John P. Hammond, Montgomery, Barnett, Brown & Read, New Orleans, for defendants-appellants.
Before GULLOTTA, STOULIG and MORIAL, JJ.
MORIAL, Judge.
The sole issue in this appeal is whether the conduct of a 3½ year old child can exculpate a dog owner from the consequences of his dog's actions.
On May 19, 1972 Guy E. Babin, Jr., age 3½ years, was bitten about the face and shoulder by a dog owned by defendant, Richard X. Patin, while the child was a guest in the Patin home. As a result of the accident, the child was taken to the Mercy Hospital emergency room where his wounds were sutured. He was released later that day and his sutures were eventually removed one week later.
Plaintiff, Guy E. Babin, individually and as administrator of the estate of the minor, Guy E. Babin, Jr., filed suit against defendants, Richard X. Patin and his liability insurer, Zurich Insurance Company. After trial on the merits, plaintiff was awarded judgment in the full sum of $3,470.61 representing $2,250.00 in general damages; $1,200.00 in future medical expenses; and $20.61 in past medical expenses. Defendants appeal contesting the trial court's finding of liability and alternatively contesting the award of $1,200.00 for future medical expenses. We affirm.
Defendants contend the jurisprudential rule that a dog owner is presumed to be liable for the consequences of his dog's actions does not apply in this case because the victim here precipitated his injury by pulling the dog's tail.
Plaintiff contends, the trial court ruled as a matter of law, that it is no defense on *902 the part of the dog owner to show that the reason the dog bit the child was because the child pulled the dog's tail.
Defendants' position is based upon the rule in Holland v. Buckley, La., 305 So. 2d 113 (1974) that:
"* * * The owner may exculpate himself from such presumed fault only by showing that the harm was caused by the fault of the victim, by the fault of the third person for whom he is not responsible, or by a fortuitous event."
We believe, as did the trial judge, that Guy E. Babin, Jr., a 3½ year old child is incapable of fault and, therefore, his actions cannot bar his recovery.
Defendants admit that a 3½ year old child is incapable of contributory negligence. They assert, however, that the "fault of the victim" which serves to exculpate a dog owner from the consequences of his dog's actions is in this situation broader than and not synonymous with negligence. They further assert that such a restrictive interpretation of the term fault does injustice to the underlying reason for the dog owner's liability, i.e., that between the person who created the risk of harm and the innocent victim injured thereby, the risk creator should bear the loss. We disagree.
In discussing the actions of a child, the terms negligence and fault have been used interchangeably. In Barnes v. Shreveport City R. Co., 47 La.Ann. 1218, 17 So. 782 (1895) the court stated:
"We may dispose of the defendant's charge of contributory negligence in respect to the child by observing that it was only three years old, and incapable per se, of contributory fault;" (emphasis ours).
Furthermore, as noted by the trial judge, Black's Law Dictionary, 4th Ed.Rev., defines the civil law concept of fault as "negligence; want of care."
A child of tender years is incapable of appreciating the consequences of his actions and, therefore, cannot be held accountable for them. See Westerfield v. Levis, 43 La.Ann. 63, 9 So. 52, 55, (1891). In effect, a 3½ year old child can never be other than an innocent victim. We believe this view is not inconsistent with the balancing test which forms the basis of the dog owner's responsibility. Whether the child pulled the dog's tail or not, he remains an innocent victim who has been injured by one who created the risk of harm. Therefore, the risk creator, the person who maintains the animal for his own use or pleasure, must bear the loss.
Additionally, we find the award of $1,200.00 for future medical expenses to be supported by the record and within the trial judge's "much discretion." A plastic surgeon, Dr. Louis Krust, testified that on his second examination of the child on April 18, 1975 he found residual scarring which caused a slight cosmetic deformity when the child smiled. He estimated the fee for corrective surgery of this condition to be approximately $1,300.00. As pointed out by defendants, he also noted the scar was not visible from a distance of 12 feet, that he could not guarantee success from the procedure and that he would not recommend further surgery without parental insistence.
In order to recover future damages, a plaintiff must prove by a preponderance of the evidence that he is reasonably certain to incur such damages. Gurley v. St. Paul Fire & Marine Underwriters, Inc., 242 So.2d 298 (La.App. 4 Cir. 1970). Although the record is devoid of any indication on the part of Mr. and Mrs. Babin that they intend to have surgery performed on their son, the fact remains that the scarred condition might be improved by the surgery. Undoubtedly, the child, as he grows older, will have increasing participation in the decision as to whether or not to undergo the surgery. The final decision will not rest exclusively with the parents. Accordingly, we belive the probability of *903 the child incurring future medical expenses has been sufficiently proven.
For the foregoing reasons, the judgment of the trial court is affirmed. Defendants are to pay all costs.
AFFIRMED.
Before GULOTTA, STOULIG and MORIAL, JJ.

ON REHEARING
MORIAL, Judge.
For the reasons stated in the original opinion the judgment of the district court is affirmed.
AFFIRMED.
STOULIG, J., dissents.
STOULIG, Judge (dissenting).
I respectfully dissent.
The liability of the defendant-owner for the injury caused by his dog arises under C.C. art. 2321, which has been interpreted by the Supreme Court in the case of Holland v. Buckley, La., 305 So.2d 113 (1974). Mr. Justice TATE stated in the majority opinion at page 119:
"We hold, therefore, that the correct interpretation of Civil Code Article 2321 is as follows: When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability, as an exception to or in addition to any ground of recovery on the basis of negligence, Article 2316. The owner may exculpate himself from such presumed fault only by showing that the harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible, or by a fortuitous event." (Emphasis added.)
Holland clearly stands for the concept of fault without negligence and specifically ruled that Article 2321 is an exception to and in addition to any right of recovery on the basis of negligence under Article 2316. It therefore follows in the instant matter unless the owner can prove that the dog bite was caused by the victim, a third person for whose actions he is not responsible, or a fortuitous event, then the judgment of the trial court decreeing the defendant liable in damages must be affirmed under the presumption of faultnot negligence
The presumption of fault imposed under Article 2321 is not conclusive but a rebuttable one. As pointed out in the Holland case, an owner may overcome this presumption of fault and exonerate himself from liability by proving that the jury resulted from a cause not imputable to him. In my opinion the defendant has carried this burden.
The uncontradicted evidence clearly establishes that young Guy Babin, while in the home of the defendant, pulled the tail of the dog without incident. Despite being cautioned not to do so, young Babin pulled the tail of the dog a second time which caused it to react and bit him.
The majority opinion excuses the conduct of the child by equating fault as being synonymous with negligence. Such an interpretation is not in accord with Holland v. Buckley, supra. That case holds that ownership of an animal in itself creates a presumption of fault and does not involve the issue of negligence and/or contributory negligence. The conduct giving rise to recovery under Article 2321 has been characterized as "nonnegligent fault."[1]Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971), points out that while all negligence can be dealt with as a fault concept, all fault cannot be treated in terms of negligence.
It is conceded that a three-and-a-half-year-old boy lacks the maturity and mental capacity to be adjudged guilty of contributory negligence. Though the action of the child in pulling the dog's tail cannot be legally classified as contributory negligence it does fall within the category "that the harm was caused by the fault of the victim" thereby rebutting the statutory presumption of the owner's fault and exonerating him from liability.
*904 I am also not in accord with the majority that the plaintiff is entitled to $1,200 for future cosmetic surgery to the child's face. There is no testimony that such action is contemplated, and the plastic surgeon testified that he would not recommend it and would only perform such a procedure at the insistence of the parents.
Parenthetically, I note the parent with whom the victim resides could ultimately be liable to the nonnegligent dog owner under the theory of Turner v. Bucher, 308 So.2d 270 (La.1975). Although their young child is not legally negligent for provoking the dog, it is her "delict" that caused the dog owner to be cast in judgment here. Under a strict liability theory, the Supreme Court in Turner held that even though the parents had no control over the actions of their young son, they were liable for his delict. As in this case, the Bucher child had not reached the age and/or maturity where his own conduct could be measured by negligence standards.
For the foregoing reasons I am of the opinion that the judgment of the trial court should be reversed.
NOTES
[1] Case notes 49 Tul.L.Rev. 724 (1975).