345 So.2d 577 (1977)
Robert C. BETBEZE, Individually and on behalf of his minor daughter, Jennifer Betbeze,
v.
CHEROKEE NATIONAL INSURANCE CO. and Enola Lagarosse, wife of/and Victor Lagarosse.
No. 8010.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1977.
Rehearing Denied May 17, 1977.
George C. Stringer, Jr., Harahan, for plaintiff-appellee.
The Law Office of Emile L. Turner, Jr., New Orleans; Malcolm B. Robinson, Jr., Metairie, for defendant-appellant.
Before BOUTALL, MORIAL and BEER, JJ.
*578 MORIAL, Judge.
Defendants appeal from a judgment awarding plaintiff Robert C. Betbeze individually and on behalf of his minor daughter Jennifer, $1,444.55 in special damages and $5,500.00 in general damages. Jennifer was bitten about the face by a dog owned by Mr. and Mrs. Victor Lagarosse on March 31, 1975.
Jennifer, aged two at the time, was playing with a friend Dee Dee Brodish, also two years old in the Brodish front yard. Willy, the dog owned by the Lagarosses was asleep in the Brodish yard. Mrs. Enola Lagarosse was visiting Dee Dee's mother inside the Brodish home. The women heard a scream and ran out to find Jennifer's face bleeding from a dog bite. Jennifer's father was called. He arrived and took Jennifer to a hospital where the bites were sutured. Under cross examination at the trial, Jennifer testified that she and Dee Dee were playing and Dee Dee pulled the dog's tail whereupon he turned and bit her.
The issue presented is whether or not the conduct of a two year old child can exculpate a dog owner from the consequences of his pet's actions.
The trial judge concluded that Lagarosse had created the risk of harm to Jennifer and held the defendants liable for plaintiff's damages.
Defendants contend on appeal that they are exonerated from liability in light of the decision in Holland v. Buckley, 305 So.2d 113 (La.1974) because they have shown that the harm was caused by the fault of a third person for whom they have no responsibility. Defendants contend that the action of Dee Dee was the sole and proximate cause of the injury. Because of the holding in Turner v. Bucher, 308 So.2d 270 (La.1975), that parents of a child of tender years are strictly liable for the child's actions, defendants argue it is irrelevant that the Brodish child was incapable of actually being guilty of fault. Defendants also argue that the damages awarded are excessive because the injuries have healed and the scarring is minimal.
Plaintiff argues that the actions of the two year old child did not constitute fault sufficient to exculpate the dog owner from liability for the dog bite. The plaintiff points out that the Louisiana jurisprudence equates the concept of fault with negligence. Plaintiff contends that defendant was at fault for allowing his dog to run loose in spite of the knowledge that the dog chased bicycles and came in contact with small children. Plaintiff argues that the defendant dog owner was the risk creator and should bear the loss.
In Holland v. Buckley, 305 So.2d 112 (La. 1974), the Supreme Court interpreted LSA-R.C.C. Article 2321 to mean that when a domesticated animal owner is presumed to be at fault the owner may exculpate himself from such presumed fault only by showing that the harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible or by a fortuitous event. The court further expanded on the duty of a dog owner by stating that LSA-R.C.C. Article 2321 places the master of the animal under a legal obligation to keep his animal under such guard that it does no damage to others. A failure of this obligation to control the animal and guard others from harm by it entitles the victim to recover damages thereby sustained.
In reviewing this record we find that the defendants have breached the duty of care to which animal owners are held under LSA-R.C.C. Article 2321. The dog was not confined to its owner's premises but rather was allowed to roam freely. On the day of the injury the dog was left unattended and out of the control of Mrs. Lagarosse on the Brodish front lawn. Under these circumstances a presumption of fault arose against the Lagarosses. Have defendants rebutted this presumption by proving that the harm was caused by a third party within the holding of Holland, supra?
Defendants argue that Dee Dee's conduct was the proximate cause of the accident and injury. A determination of the proximate cause of a tort involves the *579 determination of negligence on the part of an individual. Therefore, we must determine whether or not the child or the dog owners created an unreasonable risk of harm to the victim. It is established that a child of tender years is incapable of discerning the consequences of his actions and, therefore, cannot be held legally liable for acts under an objective standard designed for normal reasoning persons. See Turner, supra. Accordingly, Dee Dee Brodish was incapable of acting negligently. There is no evidence that Dee Dee's parents acted negligently in their supervision of her.
However, in employing a duty risk concept to determine negligence, we find that the defendants acted unreasonably in failing to provide proper supervision of their pet. Under Holland a dog owner is under a duty of care which obligates him to keep his pet under his control so as to prevent it from harming innocent persons. The injury suffered by plaintiff herein is clearly the harm which this rule of law is intended to protect against. It is certainly foreseeable that a child playing on her front lawn where a dog is present will be attracted to it and will inevitably disturb the animal in some way.
The duty of a dog owner encompasses the risk of a child pulling the animal's tail causing the dog to bite another child. This is especially true under the facts herein where a child is playing in her front yard and the dog accompanies its master on a visit to the child's home but remains outdoors out of the control of its master.
We now turn to defendants argument that in spite of the fact that Dee Dee was incapable of fault, under Turner her parents are responsible for her conduct. We cannot apply Turner to the facts of this case to bar plaintiff's recovery against defendants. Turner created a cause of action against a child's parents based on strict liability. The court fictitiously imposed legal fault on the parents to allow the victim to recover. It is clear from the opinion that the court did not find that a child of tender years was capable of actual fault or negligence. We are of the opinion that under the circumstances of this case the vicariously imposed fault of Turner is not a sufficient defense for the dog owners to raise and thereby escape liability for the harm caused by the bites of their dog. In Babin v. Zurich Ins. Co., 336 So.2d 900 (La.App. 4 Cir. 1976) the defendant dog owner raised the Holland defense of "fault of the victim." In Babin a 3½ year old child pulled a dog's tail causing the dog to bite him. We held the child was incapable of fault and his actions could not bar his recovery. Though we are not here dealing with a victim pulling the tail we think the situations are analogous. There should not be a different standard of care applied to two children of approximately the same age simply because one happens to be the victim of his own conduct.
We do not find that the actions of a two year old child in pulling a dog's tail constitutes fault of a third person within the meaning of Holland v. Buckley, supra.
The damages awarded to plaintiff are not excessive. As a result of the attack Jennifer sustained five wounds to her face. They included: (1) a 5 mm laceration 2" anterior to left earsteristrip removed, (2) 1-3 cm laceration parallel to and just above the left nasolabial fold, (3) 2 cm laceration 3 cm below right eye and parallel to eye, (4) 3 mm laceration lateral and inferior to the outer conthus of the right eye, and (5) 3 mm laceration midway between the corner of the mouth and right earlobe. Jennifer was taken to the hospital and had her wounds sutured. She was seen by her pediatrician who prescribed medication and recommended a plastic surgeon. Jennifer's father testified that her face was swollen for approximately two weeks after the accident. Her father stated that she suffered from nightmares several times after the incident. Dr. Hoffman, the plastic surgeon recommended plastic surgery to reduce the appearance of the scars on Jennifer's face. He testified that the operation does not remove the scars completely.
Plaintiff conclusively proved entitlement to special damages in the amount of *580 $1,444.55 to cover past and future medical expense. Further, the award of $5,500.00 in general damages is reasonable under the facts of this case. Adkins v. Fireman's Fund Insurance Co., 313 So.2d 328 (La.App. 1 Cir. 1975) and Gaspard v. Le Maire, 245 La. 239, 158 So.2d 149 (1963).
For the foregoing reasons the decision of the district court is affirmed.
AFFIRMED.
BEER, Judge, dissenting.
I respectfully dissent. In my view, the judgment of the trial court goes beyond the boundaries outlined in Holland v. Buckley, supra.