370 So.2d 1299 (1979)
John MATTE, Plaintiff-Appellee,
v.
Verline GUILLORY, Defendant-Appellant.
No. 6957.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1979.
Rehearing Denied June 6, 1979.
Andrew S. Vallien, Natchitoches, for defendant-appellant.
J. Harold Fontenot, Opelousas, for plaintiff-appellee.
Before WATSON, GUIDRY and FORET, JJ.
GUIDRY, Judge.
This is a personal injury suit. Defendant appeals from a judgment rendered in favor of plaintiff, as administrator of the estate of his minor son, Charles Douglas Matte, in the amount of $3046.30. Plaintiff has not appealed nor answered the appeal of defendant.
*1300 The trial judge in well written reasons, succinctly set forth the facts as found by him and his legal conclusions in regard thereto. We take the liberty of quoting at length from his reasons:
"I have considered the evidence and find it to preponderate as follows:
On January 1, 1976, Charles Douglas Matte, who was riding on a motorcycle was thrown to the surface of the highway when he was unexpectedly attacked by a dog. The animal suddenly lunged at Matte from a roadside ditch, and caused the motorcycle to overturn. As a result of the collision, the motorcycle was damaged, and young Matte suffered injuries to his left elbow, both hands, both knees, and his left shoulder. The dog was killed in the accident.
The plaintiff's minor son was taken to Opelousas General Hospital, where he was attended by Dr. Glynn A. Granger, a general surgeon, for the injuries he had received in the accident. Matte was hospitalized for one week, during which time surgery was performed for the removal of tissue from the inner side of the right knee which had been crushed in the fall. On January 8, 1976, the young man was allowed to return home, where he was confined to bed for an additional week, after which time he was permitted to ambulate on crutches. He was discharged by the physician on January 26, 1976, with no residual disability whatsoever.
Charles Douglas Matte was to begin work on the day of the accident as a part-time employee at Howard Brothers. His wages were such that he would have earned $213.80 for the month during which he was incapacitated as a result of the accident.

It is evident that the dog which attacked Charles Douglas Matte belonged to the defendant. Although ownership is denied, the testimony shows that the dog was seen many times in the defendant's yard, and on several occasions it had exhibited aggressiveness towards persons walking along the highway in front of the Guillory yard. The defendant, as owner of the dog, is therefore liable in damages for the harm done by the animal. Holland v. Buckley [La.], 305 So.2d. 113.

The plaintiff's minor son was riding his motorcycle in his proper lane of travel, and, because of the sudden attack of the dog, he did not have the opportunity to avoid colliding with it, he was thus free of negligence and contributory negligence.
The motorcycle upon which Charles Douglas Matte was riding was damaged as a result of the accident. It had been purchased at a cost of $525, one year and a half prior to the accident. No witnesses were called to testify as to the nature and extent of the damages nor the cost of repair; however, there was some testimony that it was damaged beyond repair.
Considering the evidence, I am of the opinion that plaintiff is entitled to recover pain and suffering for and on behalf of Charles Douglas Matte in the sum of $1,500.00, and is further entitled to recover the hospital and other medical bills in evidence and loss of earnings in the sum of $213.80. No recovery can be allowed for damages to the motorcycle because such a finding would require speculation, since the evidence is not satisfactory in this regard."
In brief to this court appellant essentially complains that the trial court erred in its findings of fact and in its application of the rationale of Holland v. Buckley, 305 So.2d 113 (La.1974) to the facts found, in that there is no evidence that plaintiff's son was bitten by a dog. We find no merit to either of appellant's assignments of error.
There is abundant proof in the record to support each of the trial court's findings of fact. Admittedly there is some evidence in the record which contradicts these findings. However, it is well settled that on appellate review the findings of the trier of fact are entitled to great weight and should not be disturbed unless clearly wrong. On appeal, the reviewing court should not disturb reasonable evaluations of credibility and reasonable inferences of fact by the trial judge. Canter v. Koehring, 283 *1301 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
As aforestated we find no merit to appellant's suggestion that the rationale of Holland v. Buckley, supra, is inapplicable under the circumstances of this case. We do not interpret Holland as applying only to cases involving injuries sustained as a result of being bitten by a dog. In its summary in Holland the majority was careful to point out that:

". . . the correct interpretation of Civil Code Article 2321 is as follows: When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability, as an exception to or in addition to any ground of recovery on the basis of negligence, Article 2316. The owner may exculpate himself from such presumed fault only by showing that the harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible, or by a fortuitous event. . . ."

". . . The underlying reason for the owner's liability is that, as between him who created the risk of harm and the innocent victim thereby injured, the risk-creator should bear the loss. He maintains the animal for his own use or pleasure.
Article 2321 places the master of the animal under a legal obligation to keep his animal under such guard that it does no damage to others. A fault in this obligation to control the animal and guard others from harm by it entitles the victim to recover damages thereby sustained. . . ." (Emphasis supplied)
In the instant case the record amply supports the trial court's finding that plaintiff's minor child suffered harm as a direct result of being attacked by defendant's dog. Under such circumstances, there being no showing that the harm resulted because of the fault of the victim, the fault of a third person or by a fortuitous event, plaintiff is entitled to recover.
For the above and foregoing reasons the judgment appealed from is affirmed at appellant's costs.
AFFIRMED.