STOULIG, Judge.
Plaintiff, Kenneth Dufour, has appealed a judgment dismissing his suit for damages for a head injury he sustained when kicked by a horse which he was walking in a 1975 Mardi Gras parade. Defendants who appeared at the trial[1] were Richard and Bernadette Trosclair, owners of the horse; and their insurer, The Continental Insurance Company; the Knuckle Head Social Club, Inc., a nonprofit corporation whose members paraded as clowns; and Charles H. Schenck, a member of the social club.
Bernadette Trosclair rode her horse “Prophet” in the carnival parade sponsored by Kaly Nickta, Inc., doing business as the Krewe of Shangra-La. Plaintiff was hired to walk Prophet primarily to keep the crowds away from the horse. The parade had not moved very far from the point of origin when a unit of clowns who were immediately in front of the Trosclair group began driving their small motorized vehicles through the krewe officers riding on horseback immediately behind the Trosclair group. Mrs. Trosclair testified this group was asked to stop on several occasions. Somewhere further along the route, an unidentified clown who according to plaintiff appeared to have been drinking grabbed the bit in Prophet’s mouth and pulled down on it. Mrs. Trosclair explained because his mouth was tender, the sudden pressure created pain and caused the animal to “hop”. As the horse’s front hoofs were coming back down, plaintiff testified, he was struck in the head.
In written reasons for judgment the trial judge stated he found the horse was acting in a normal and safe way before the unidentified clown pulled on his bridle. He pointed out plaintiff conceded this fact in his own testimony and also admitted that the clown got in his way as he attempted to bring the horse under control after he initially reared.
The facts of this case bring it within one of the three exceptions to the doctrine of strict liability enunciated in Holland v. Buckley, 305 So.2d 113 (La. 1974). That case first pointed out that C.C. art. 2321 states the owner of an animal who causes damages is liable to the injured party and that the line of jurisprudence that permitted an owner to avoid liability if he had not been forewarned of the dangerous propensities of the animal was inconsistent with the Civil Code. Thus the “dangerous propensity” cases were reversed and the theory of strict liability for injuries from animals replaced it.
However the Court recognized the liability of C.C. art. 2321 is not absolute. One situation that permits the animal owner to avoid liability is where the injury occurs through the fault of a third person. That is the case before us. While the burden is on the owner to bring forward the exculpatory evidence of intervening fault, the record in this case leaves no doubt that the unidentified clown caused the horse to rear. Plaintiff’s own testimony is sufficient to relieve the owner from liability.
*188 Nor may plaintiff recover under a negligence theory. Both Mr. and Mrs. Tros-clair testified that Prophet was a show horse accustomed to noise and crowds and that he never gave any indication of being skittish. From past experience, it was reasonable for them to assume the horse could be ridden in a parade without incident.
For the reasons assigned, the judgment appealed from is affirmed, costs to be borne by appellant.

Affirmed.

. Other defendants were named. Some were never cited and one settled prior to trial.