396 So.2d 471 (1981)
Randy E. MARTINEZ
v.
Johney MODENBACH, Deloris Modenbach, and State Farm Insurance Company.
No. 11713.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
Writ Refused May 1, 1981.
*472 Chauppette & Genin, Daryl A. Higgins, Marrero, for plaintiff-appellant.
Buckley & Ward, Joseph R. Ward, Jr., New Orleans, for defendants-appellees.
Before GULOTTA, BOUTALL and HUGHES, JJ.
GULOTTA, Judge.
Randy Martinez appeals from the dismissal of his personal injury suit against a neighbor for injuries sustained when he slipped and fell on wet grass in the neighbor's yard while chasing the neighbor's dog from his yard. At the time of the accident, the dog had been digging in and destroying plaintiff's flower beds, as it had done on approximately twelve other occasions.
The facts are virtually undisputed. Defendants acknowledge that plaintiff had repeatedly complained that the dog had transgressed upon the Martinez's property causing damage to the yard; that the dog was free to roam at will; that defendants had been told by plaintiff of this destruction on approximately five occasions; that defendants had assisted in the repair of that damage on three or four occasions; and, that defendants had told plaintiff "... to do whatever they thought necessary to keep him out." Plaintiff was injured in the chase when he slipped on wet grass in defendants' yard. The wet grass was caused by Mrs. Modenbach's washing her car in the driveway at the time of the accident.
In written reasons, the trial judge rejected plaintiff's argument based on Holland v. Buckley, 305 So.2d 113 (La.1974) and Matte v. Guillory, 370 So.2d 1299 (La.App. 3rd Cir. 1979) in animal-related injury cases. The judge pointed out that in Holland the owner is exculpated from liability "if the injury was caused by the fault of the victim." He went on to state, in pertinent part, in well-written reasons:
"The cases cited by the plaintiff to further extend the Holland v. Buckley doctrine are not appropriate to the facts herein. In each of the cases cited wherein recovery was granted, there was aggressive action on the part of the animal. In the instant case the only aggressive action was on the part of the plaintiff in pursuing the dog in such haste that he was careless of his own safety. The actions of the dog did not appear to warrant such a violent response from the plaintiff and fitting him into the average reasonable man mold is quite inconsistent with the actions of the plaintiff that brought about his injuries."
Plaintiff's argument before this court simply is that, under LSA-C.C. art. 2321,[1] and Holland v. Buckley, supra, and its progeny, an owner is presumed to be at fault and is strictly liable when his domesticated animal harms another. According to plaintiff, the dog's transgression on his property was a cause in fact of the injury which did not occur through his fault. Plaintiff claims that it was not unreasonable for him to chase the dog in the manner in which he did; that he had been advised by defendants to do whatever he could to keep the dog out of his yard; and that he was neither aware nor could have been aware of the wet conditions of his neighbors' grass and therefore could not have been guilty of *473 either contributory negligence or assumption of the risk.
As a prerequisite to the application of strict liability defined in the Holland case, the domesticated animal must have harmed another. Plaintiff's harm did not result directly from the animal's action. If plaintiff had been injured while being chased by the animal or had been injured while trying to elude an animal's aggressive activity then perhaps a reasonable connection could be made between the direct action of the animal and the injury. Plaintiff's claim is based on injury that is one step removed from the dog's action. Although the animal's trespass in plaintiff's yard was a cause in fact of the injury, that cause is a remote and indirect one since plaintiff was injured by slipping in pursuit of the animal.
We point out further that liability under LSA-C.C. art. 2321, though strict in nature is not absolute. Holland v. Buckley, supra; Dufour v. Trosclair, 374 So.2d 186 (La.App. 4th Cir. 1979). The owner can exculpate himself from having his animal hurt someone by proving that the harm resulted from an independent cause: the victim's fault, a third person's fault for which the defendant is not responsible, or a fortuitous event. Holland v. Buckley, supra; Normand v. City of New Orleans, 363 So.2d 1220 (La.App. 4th Cir. 1978), writ denied, 366 So.2d 573 (La.1979). This independent cause must be a substantial factor in bringing about the harm. Daniel v. Cambridge Mut. Fire Ins. Co., 368 So.2d 810 (La.App. 2nd Cir. 1979). Thus, in Hebert v. Maryland Cas. Co., 366 So.2d 1044 (La.App. 1st Cir. 1979), a plaintiff kicked by a horse was denied recovery where her fault in approaching the animal too closely in the rear caused it to kick her. Likewise, in Daniel v. Cambridge Mut. Fire Ins. Co., supra, plaintiff's voluntary participation in a trail ride was held an assumption of the risk of injury and a substantial contributing factor in her injury when the horse on which she was riding reared up and fell on her after a preceding horse had shied and backed into it.
We have searched in vain for animal-related injury cases where harm resulted indirectly from the animal's action as in our case. In the extant cases, injury resulted from the direct act of the animal,[2] although those acts may have been precipitated by an independent action on the part of the plaintiff[3] or a third-party.[4] In our case the animal did not directly harm plaintiff. The injury substantially resulted from plaintiff's independent, intervening act. We hold, under the circumstances, the strict liability imposed under LSA-C.C. art. 2321, as interpreted by the Holland decision, is not applicable.

NEGLIGENCE
Because defendants are not strictly liable under LSA-C.C. art. 2321, plaintiff's entitlement to recovery requires a finding of negligence.
The Louisiana Supreme Court in Hill v. Lundin & Associates, Inc., 256 So.2d 620 (La.1972), pointed out that the first inquiry under a duty-risk analysis is whether any causal relationship existed between the harm to the plaintiff and the defendants' alleged negligent conduct and whether the defendant breached a legal duty imposed to protect against the particular risk involved. According to the Supreme Court, foreseeability is not always a reliable guide for determining whether there is a duty-risk relationship, but the more applicable guide is the "ease of association" between the injury and the defendant's act. See also, Jones v. Robbins, 289 So.2d 104 (La.1974); Ainsworth v. Treadway, 361 So.2d 957 (La. App. 4th Cir. 1978).
Assuming that a causal relationship has been established between plaintiff's *474 harm and defendant's failure to restrict the animal, we are confronted with the more difficult determination whether defendant breached a legal duty imposed to protect against a particular risk involved. It is clear that the risk involved by a dog owner in allowing complete freedom of movement of the animal is the danger of injury to others from dog bites or from fear of dog bites, or the danger of property damage. Perhaps, an ease of association might exist were injury inflicted as a result of being chased by a dog, however, these circumstances are not present in our case. There is no ease of association between a breach of the duty to confine an animal and an injury resulting from one's slipping while chasing a dog. Finding no ease of association between the injury and the activity of the dog, we conclude that injury was not within the ambit of the risk "reasonably anticipated."[5]
We are not unmindful that a state statute[6] and applicable parish ordinances[7] prohibit dog owners from allowing their animals to run at large. Nonetheless, violation of these statutes does not in itself make the owner liable for plaintiff's injury. Although criminal statutes can serve as guidelines for a court in determining civil liability, the violation of a statute does not automatically create liability in a particular civil case since the statute may have been designed to protect someone other than the plaintiff, or to protect the plaintiff from some evil other than the injury for which recovery is sought. Boyer v. Johnson, 360 So.2d 1164 (La.1978). We conclude the state statute and the parish ordinances concerning confinement of animals are designed to prevent aggressive acts by those animals against persons and property and to avoid the creation of nuisances or dangers to the public health and welfare. The ordinances are not designed to prevent the type of risk and harm suffered by plaintiff in chasing a dog at large and slipping on wet grass.
Accordingly, we conclude plaintiff has failed to establish "legal and actionable" negligence on the part of defendants. Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 2321 reads as follows:

"Art. 2321. Damage caused by animals Art. 2321. The owner of an animal is answerable for the damage he has caused; but if the animal had been lost, or had strayed more than a day, he may discharge himself from this responsibility, by abandoning him to the person who has sustained the injury; except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment."
[2] See, for example, Holland v. Buckley, supra, and Matte v. Guillory, supra, where the dog without provocation bit or attacked the plaintiff.
[3] See, for example, Hebert v. Maryland Cas. Co., supra, where plaintiff's close approach to the rear of the stallion caused it to kick her.
[4] See, for example, Betbeze v. Cherokee Nat. Ins. Co., 345 So.2d 577 (La.App. 4th Cir. 1977) where plaintiff's child was bit by a dog when another child pulled the animal's tail, and Dufour v. Trosclair, supra, where plaintiff was kicked by a horse when a third person pulled on the animal's bridle.
[5] See Hill v. Lundin and Associates, Inc., supra.
[6] LSA-R.S. 3:2771 provides as follows:

"§ 2771. Dogs not to run at large.
No person shall suffer or permit any dog in his possession, or kept by him about his premises, to run at large on any unenclosed land, or trespass upon any enclosed or unenclosed lands of another."
[7] Code of Ordinances, Jefferson Parish, Louisiana § 4-16(c) provides as follows:

* * * * * *
"(c) Public nuisance. Every owner or keeper of animals shall exercise proper care and control of such animals so as to prevent them from creating or becoming a public nuisance. Excessive or untimely barking, howling or yelping so as to disturb the peace and quiet of a neighborhood or its residents or to disturb the health or repose of the residents; attacking or molesting passersby or other animals; being repeatedly at large; chasing vehicles; scratching on or digging into or urinating or defecating upon lawns, shrubs, buildings or any property either public or private other than property of the owner or keeper of an animal, all shall be deemed to be the creation of a public nuisance and the owner or keeper of an animal causing such public nuisance shall be guilty of misdemeanor and subject to the penalties of section 4-25 of this article."
See also, § 4-17(c) which, inter alia, prohibits dogs at large on public streets, and § 4-21(g), which sets forth the criminal liability of an owner for dogs at large.