# FLORIDA PUBLISHING COMPANY v COOK, et al.

## Case No. 86-11654-CA

Fourth Judicial Circuit, Duval County

October 8, 1986

## APPEARANCES OF COUNSEL

**Harold B. Wahl, Wahl & Gabel,** for plaintiff.

**Lee S. Carlin,** Assistant Counsel, for defendants.

## OPINION OF THE COURT

JOHN E. SANTORA, JR., Circuit Judge.

### *AMENDED INJUNCTIVE ORDER*

Plaintiff newspaper seeks to enjoin alleged violations of Florida's Government in the Sunshine Law, Florida Statute § 286.011, with

reference to meetings held and to be held between the Defendants, Henry Cook, President of the Jacksonville City Council, Jim Robinett, the Legislative Counsel for the City Council, Joseph Perry, Chairman of an Ad Hoc Citizens Committee, and David Harrell, Vice Chairman of the same Ad Hoc Citizens Committee.

Hearing was held at which all parties were represented and allowed to present evidence. From the evidence the Court finds that Defendant Cook had appointed an Ad Hoc Citizens Committee to study the question of impact fees upon local land developers and to write him a final report on its collective opinion. The final report issued by the Committee confused Defendant Cook, lacked some information he had been seeking and required some further explanation. Defendant Cook thereafter met with the Committee chairman, Defendant Perry, at which meeting Defendant Robinett was present. Plaintiff requested the opportunity to also be present, which request was denied by Defendant Cook. After the three named Defendants met privately to discuss the Committee's report, Defendant Cook still had some unanswered questions and arranged a second meeting, this time with the Committee's vice chairman, Defendant Harrell. This meeting was also to be held for the specific purpose of discussing the Committee's report. Plaintiff again requested the opportunity to attend and again was denied by Defendant Cook. Plaintiff then filed this action, seeking to enjoin the defendants from meeting privately and further seeking to enjoin Defendant Cook and/or anyone acting on his behalf or in his stead from conducting further private meetings with other members of the Committee, meeting which presumably would have occurred until Defendant Cook was satisfied that the Committee had accomplished what it was formed to accomplish and his unanswered questions were satisfactorily answered.

Based upon the evidence presented, the Court finds and so holds that a meeting between Defendant Cook, Defendant Robinett and Defendant Harrell, under the circumstances stated above, is a meeting subject to the Government in the Sunshine Law and Plaintiff, along with the rest of the public, cannnot therefore be excluded therefrom.

It has long been held by the courts of this state that the obvious intent of the Sunshine Law, Florida Statute § 286.011, is to cover any gathering of two or more members of a public board where those members discuss some matters on which foreseeable action may be taken by the board. *Board of Public Instruction of Broward County v. Doran*, 224 So.2d 693 (Fla. 1969); *Wood v. Marston*, 442 So. 2d 934

2

(Fla. 1983); *Hough v. Stambridge*, 278 So.2d 288, 289 (Fla. 3d DCA 1973). The Ad Hoc Citizens Committee is just such a public board. *See, Town of Palm Beach v. Gradison*, 296 So.2d 473 (Fla. 1974).

It has also long been held by the courts of this state that open-meetings is the policy of this state and construction of evidence and law should be in a light most favorable to such openness. *Doran*, supra; *Gradison*, supra.

From the above, it is clear that two or more members of the Ad Hoc Citizens Committee, such as Defendant Perry and Defendant Harrell, could not meet privately to discuss some matter on which foreseeable action may be taken by the Committee. Clarifying or adding to the Committee's report constitutes foreseeable action which may be taken by the Committee; the report is, after all, one of the very reasons for which the Committee was originally formed. Nor may the Sunshine Law be evaded by individual members of the Committee meeting seriatim with Defendant Cook, Defendant Robinett and/or anyone else so long as such meetings are to discuss one or more matters on which foreseeable action may be taken by the Committee. *See, Blackford v. School Board*, 345 So.2d 578 (Fla. 5th DCA 1979). As stated above, taken in a light most favorable to openness, the evidence indicates that Defendant Cook may very well have continued meeting seriatim with each and every member of the Committee until such time as his doubts about the report were laid to rest and his questions all were answered or there were no more members with whom to confer. Either way, the Sunshine Law would be violated.

Having considered all evidence presented, arguments of counsel, applicable law, and being otherwise advised in the premises, it is

ORDERED AND ADJUDGED that Defendants Perry and Harrell, as well as every other member of the above-described Ad Hoc Citizens Committee, shall hereafter be enjoined from meeting privately with each other or seriatim with anyone else when such meetings are held to discuss matters on which foreseeable action may be taken by the Committee. Defendants Cook and/or Robinett are hereafter enjoined from meeting privately with two or more members of said Committee, either together or seriatim, when such meetings are held to discuss matters on which foreseeable action may be taken by the Committee.

DONE AND ORDERED in Chambers, at Jacksonville, Duval County, Florida, this 8th day of October, 1986.