517 So.2d 467 (1987)
Mrs. Betty R. CREEL
v.
WASHINGTON PARISH FAIR ASSOCIATION, Natesco Underwriters, Carrol Jackson, et al.
No. CA 86 1453.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*468 Wilson C. Krebs, Covington, for plaintiff-appellee Betty R. Creeldefendant in motion for summary judgment.
Christopher D. Matchett, Baton Rouge, for defendantsmovers in motion for summary judgment Sharlon Barnes & State Farm Cas. Ins., Co.
Charles M. Hughes, Bogalusa, for defendants-appellants Washington Parish Fair Ass'n and Alliance Ins. Co.
Loyd J. Lunceford, Baton Rouge, for Carrol Jackson.
Richard W. Brown, Bogalusa, for defendants Matt Dryden & Circle D. Rodeo.
Before WATKINS, CARTER and FOIL, JJ.
FOIL, Judge.
Plaintiff, Mrs. Betty R. Creel, brought this suit to recover damages for personal injuries which she allegedly received when defendant, Sharlon Barnes, was thrown from his horse at the Washington Parish Fair Rodeo and landed on her. Defendants are Washington Parish Fair Association (W.P.F.A.); its insurer, Alliance Insurance Company (A.I.C.); Carrol Jackson, the promoter; Circle D Rodeo Company, Inc.; Sharlon Barnes, the horse rider; and State Farm Fire and Casualty Insurance Company (State Farm), Sharlon Barnes' homeowners insurer. Defendants W.P.F.A. and A.I.C. filed a third party demand against Barnes and State Farm. Barnes and State Farm moved for summary judgment against plaintiff on her main demand. The district court granted the summary judgment, dismissing plaintiff's main demand against Barnes and State Farm. Plaintiff has not appealed that summary judgment. Barnes and State Farm then moved for summary judgment against the W.P.F.A. and A.I.C. on the third party demand. The motion was granted and W.P.F.A. and A.I. C. appealed the district court's rulings which dismissed both Creel's main demand and W.P.F.A.'s third party demand against Barnes and State Farm.
La. Code Civ. P. art. 966 (B) states, in pertinent part, that "The judgment sought (summary) shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Appellants base their appeal on the contention that there are genuine issues of material fact in their suit.
On Saturday, October 22, 1983, plaintiff attended the Washington Parish Fair Rodeo and sat directly behind a retaining fence which separated spectators from the performance arena. Creel was injured when defendant Barnes was thrown from his horse and landed on her. Appellants W.P.F.A. and A.I.C. contend that crossing the fence was a voluntary act on the part of the defendant and that he made a conscious and negligent decision to traverse the fence and land on Creel. Appellants assert that whether or not Barnes was negligent is a genuine issue of material fact. Conversely, appellees urge that Barnes was thrown from his horse, hit the retaining fence and was carried over the wall by the momentum of the throw.
The general rule is that there is no statutory or jurisprudential duty placed upon a participant in a sports activity abiding by the rules of the game to refrain from accidentally injuring a spectator who is fully aware of the risks involved. See Melder v. State Farm Fire & Casualty Company, 498 So.2d 1095 (La.App. 3d Cir. 1986) and Turner v. Caddo Parish School Board, 214 So.2d 153 (La.1968).
It is common knowledge to those familiar with rodeos that the essence of the sport of bronc riding is for the rider to remain on the bucking horse for as long as possible. However, even the best of riders are thrown from time to time. If a horse does throw a rider on a spectator, certainly that does create a harm to the spectator. However, under the law, it does not create an unreasonable risk of harm for which the rider can be held accountable in damages.
In this case, it is clear that defendant Barnes was performing at a rodeo on a bucking horse when he was thrown completely *469 over the fence by the horse. The horse was on the rodeo grounds when it threw Barnes over the fence during the course of the performance. Also, plaintiff knew that part of the sport of rodeo bronc riding is for the rider to be bucked off the horse.
The record clearly indicates that in this instance, the rider did not owe a duty to the spectator. Summary judgment was proper in this case.
Appellees take the position that this is a frivolous appeal, and that the apppellants are liable for damages under Article 2164 of the Code of Civil Procedure.
It is not evident that the sole purpose of this appeal is for delay or that counsel is not sincere in the view of the law he advocates. See Parker v. Interstate Life & Accident Insurance Co., 179 So.2d 634 (La. 1965).
Accordingly, the summary judgments of the trial court are affirmed. Further, appellee's claim for damages is dismissed. Costs of appeal are assessed to appellants.
AFFIRMED.